**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DARREN CESARIO**, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

**ATELIER LUXURY GROUP, LLC, d/b/a AMIRI,**

Defendant.

Index No. ___________

CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

---

Plaintiff, Darren Cesario ("Plaintiff" or "Mr. Cesario"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through his undersigned counsel, Robert Schonfeld, Esq. of JOSEPH & NORINSBERG, LLC, brings this putative Class Action Complaint against ATELIER LUXURY GROUP, LLC, d/b/a AMIRI ("AMIRI" or "Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, arising from Defendant's failure to ensure that its e-commerce Website, www.amiri.com is accessible to blind and visually impaired individuals.

**INTRODUCTION**

1. Plaintiff DARREN CESARIO is a legally blind resident of New York County who suffers from advanced Retinitis Pigmentosa, a progressive hereditary retinal dystrophy that causes severe peripheral field loss ("tunnel vision"), impaired night vision, decreased contrast sensitivity, and progressive constriction of the functional visual field. As documented in the medical certification issued by Dr. Eleonora Orloff, O.D. of Bronx Eye Associates on May 15, 2025, Mr. Cesario's visual field loss meets both federal and New York State criteria for legal blindness. Dr. Orloff confirms that Mr. Cesario's condition is permanent, incurable, and significantly impairs his ability to visually interpret printed or digital information without assistive technology. (See Exhibit A, Dr. Orloff Medical Certification: "These findings meet the federal and New York State

criteria for legal blindness… Mr. Cesario's visual limitations are permanent and significantly impact his ability to visually interpret printed or digital information without assistive technology.") Exhibit A

2. As a person living with a progressive, incurable retinal degenerative disease, Plaintiff must exercise heightened vigilance in managing his daily independence, safety, and access to information. Because he cannot visually inspect product packaging, labels, sizing information, garment details, or pricing on retail store shelves, accessible online shopping is his primary means of independently researching, comparing, selecting, and purchasing apparel and accessories. Plaintiff has a genuine and ongoing interest in purchasing high-quality fashion products, including the luxury apparel, footwear, denim, accessories, and ready-to-wear items that Defendant markets and sells through its commercial website, www.amiri.com.

3. Plaintiff relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), to navigate digital interfaces, read product information, and complete online transactions. NVDA can only interpret websites that are properly coded according to widely accepted accessibility standards, including the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA**.**

4. Defendant, ATELIER LUXURY GROUP, LLC d/b/a AMIRI is a luxury fashion retailer headquartered at 1330 Channing Street, Los Angeles, CA 90021, operating the commercial e-commerce website www.amiri.com as its exclusive direct-to-consumer storefront. Defendant sells luxury apparel, footwear, accessories, and related fashion products directly to consumers throughout the United States, including residents of the State and City of New York. The Website functions as a sales establishment within the meaning of 42 U.S.C. § 12181(7). *(See corporate filing information identifying Atelier Luxury Group, LLC as the entity operating amiri.com.)*

5. This action arises from Defendant's failure to design, construct, maintain, and operate its Website to be fully accessible to Plaintiff and other blind and visually impaired persons who use screen-reading software. Defendant's failures violate the effective communication and equal access requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189, the New York State Human Rights Law ("NYSHRL"), the New York Civil Rights Law ("NYCRL"), the New York City Human Rights Law ("NYCHRL"), and the Declaratory Judgment Act.

6. Although styled as an individual action, the injunctive relief Plaintiff seeks will inure to the benefit of an estimated 2.3 percent of the United States population who report having a visual disability, and to Defendant, who will expand its market reach to this population once its Website is made accessible.

7. For blind and visually impaired Americans, accessing websites, mobile applications, and digital information is a necessity, not a convenience. Americans today rely heavily on smartphones and mobile browsing to shop online, compare products, and complete transactions.

8. Roughly one-in-five American adults are "smartphone-only" internet users, meaning they rely exclusively on mobile devices for online access. This trend underscores the importance of accessible mobile website design.

9. The growth of smartphone usage is matched only by the expanding ways consumers rely on digital platforms for commerce, employment, education, entertainment, and daily life.

10. The U.S. Chamber of Commerce has documented consumers' increasing reliance on mobile platforms to shop online: the average consumer spends more than $1,700 per year on

online shopping, and 80% of consumers shop on mobile devices. Millennials and Gen Z overwhelmingly favor e-commerce over brick-and-mortar shopping, driving retailers to prioritize accessible, mobile-optimized website design.

11. Plaintiff is legally blind due to Retinitis Pigmentosa, a progressive retinal degenerative disease that causes severe visual field constriction and markedly reduced peripheral vision. His condition is permanent and incurable.

12. Because of his disability, Plaintiff relies exclusively on NVDA to navigate digital interfaces, read product information, and complete online transactions. NVDA's ability to interpret properly coded websites is essential to his independence, safety, and daily functioning

13. Defendant's Website contains pervasive, systemic accessibility barriers, including missing alternative text, unlabeled form fields, broken ARIA references, improper role assignments, inaccessible navigation menus, and structural defects documented in multiple audits. These barriers prevent Plaintiff and other blind users from independently browsing, researching, comparing, and purchasing products, thereby denying them the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations.

14. Defendant is a "place of public accommodation" under the ADA because it owns, operates, and controls the commercial e-commerce website through which it sells goods and services to the general public. The Website constitutes a sales establishment within the meaning of 42 U.S.C. § 12181(7).

15. Defendant's Website fails to comply with WCAG 2.1 Level AA and contains hundreds of accessibility errors, including:

- **657 errors** on the Men's Denim page,
- **110 errors** on the New In Men's Footwear page, and
- **66 errors** on the Women's Core Jersey page, as documented by the WAVE audits Plaintiff conducted using NVDA. These systemic failures deny blind users equal access to

Defendant's online goods and services. Exhibit B

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action arises under Title III of the ADA, 42 U.S.C. §§ 12181 et seq., and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

17. This Court has supplemental jurisdiction over Plaintiff's state and city law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiff's federal claims.

18. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, accessed the Website from this District, and suffered the injuries alleged herein in this District. Venue is further proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims, including Plaintiff's multiple attempts to access the Website using screen-reading software and his encounters with accessibility barriers that denied him full and equal access to Defendant's goods and services, occurred within this District.

19. Defendant is subject to personal jurisdiction in this District. Although Defendant ATELIER LUXURY GROUP, LLC d/b/a AMIRI is, upon information and belief, organized under the laws of the State of Delaware, Defendant is subject to specific personal jurisdiction in New York pursuant to N.Y. C.P.L.R. § 302(a)(1) because Defendant transacts substantial business within the State and City of New York. Specifically, Defendant operates a commercial e-commerce website that is accessible to, directed at, and actively marketed toward New York residents; ships www.amiri.com products directly to customers in New York; derives substantial revenue from consumers in this District. The exercise of jurisdiction comports with due process because Defendant has purposefully availed itself of the privilege of conducting business in New

York, and Plaintiff's claims arise directly from Defendant's New York-directed commercial activities. See *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC,* 286 F. Supp. 3d 365 (E.D.N.Y. 2017); Romero v. 88 Acres Foods, Inc., 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022).

## PARTIES

20. Plaintiff DARREN CESARIO is a legally blind individual residing in New York, New York 10027, within the Southern District of New York.

21. As documented in a medical certification dated May 15, 2025, completed by Dr. Eleonora Orloff, O.D., of Bronx Eye Associates, located at 665 Pelham Parkway North, Bronx, New York 10467, Mr. Cesario has been diagnosed with Retinitis Pigmentosa. Retinitis Pigmentosa is a progressive, hereditary retinal degenerative disease that causes the gradual destruction of photoreceptor cells in the retina, resulting in severe visual field loss, night blindness, decreased contrast sensitivity, and ultimately profound central visual impairment. Mr. Cesario has been registered with the New York State Commission for the Blind and Visually Handicapped ("CBVH") under Registration No. A. ________ (REDACTED).

22. As a direct consequence of his disability, Plaintiff is substantially limited in the major life activity of seeing and is unable to perceive, interpret, or interact with visual content on websites and digital platforms without the assistance of screen-reading technology.

23. Plaintiff uses NVDA (NonVisual Desktop Access), a widely recognized free, open-source screen reader for Microsoft Windows, as his primary assistive technology to access websites and digital content. NVDA converts on-screen text, images (when properly labeled with alternative text), links, buttons, form fields, and other interactive elements into synthesized speech,

enabling blind and visually impaired users to navigate and interact with websites.

24. For NVDA to function effectively, websites must comply with the Web Content Accessibility Guidelines ("WCAG") 2.1, at minimum Level AA, as published by the World Wide Web Consortium ("W3C") and referenced by the United States Department of Justice for compliance with ADA Title III. Compliance requires, inter alia, that all images contain descriptive alternative text, all form controls be properly labeled, all interactive elements be keyboard operable and have accessible names, sufficient color contrast exist between text and background, headings be used to structure content, and ARIA roles and properties be implemented correctly.

25. Defendant **Atelier Luxury Group, LLC**, doing business as **AMIRI**, is a foreign limited liability company organized under the laws of the State of Florida and registered to conduct business in California. According to state filings, the company was formed on November 2, 2021, under Document No. M21000014563, and maintains its principal place of business at **1330 Channing Street, Los Angeles, CA 90021**. The company's authorized managers include **Michael Amiri** (Los Angeles, CA) and **Renzo Rosso** (New York, NY). Defendant's FEI/EIN is **83-3861704**. Defendant is active and currently conducts business operations within the United States, including the State and City of New York.

26. Defendant owns, operates, and controls the commercial e-commerce website www.amiri.com, which functions as its exclusive direct-to-consumer retail channel for AMIRI-branded apparel, footwear, accessories, and luxury goods. According to industry revenue data, Defendant generated approximately **US$151 million in e-commerce revenue in 2025**, with approximately **60% of its total revenue derived from U.S. consumers**, confirming substantial commercial activity directed at New York residents.

27. Defendant derives substantial revenue from online sales and ships products directly

to customers throughout the United States, including within the State and City of New York. Defendant's Website is actively marketed to consumers nationwide and constitutes a "sales establishment" and "place of public accommodation" within the meaning of 42 U.S.C. § 12181(7).

28. Defendant's Website contains pervasive, systemic accessibility barriers—including missing alternative text, missing form labels, broken ARIA references, unlabeled buttons, inaccessible interactive elements, and structural defects—documented through multiple audits identifying **657 errors**, **110 errors**, and **66 errors** across core shopping pages. These barriers deny blind and visually impaired users full and equal access to the goods, services, information, and purchasing functions available to sighted users.

## STATEMENT OF FACTS

### A. Plaintiff's Disability and Use of Assistive Technology

29. Plaintiff DARREN CESARIO is a legally blind individual who relies exclusively on NVDA screen-reading software to navigate websites, read product information, and complete online purchases. Because Retinitis Pigmentosa severely restricts his visual field, contrast sensitivity, and ability to interpret printed or digital information, accessible online shopping is the only means by which Plaintiff can independently research, compare, and purchase apparel, footwear, and accessories.

30. As a person living with a progressive retinal degenerative disease, Plaintiff is acutely attentive to the quality, durability, and functional design of the clothing and footwear he purchases. Because he cannot visually inspect garments or footwear in physical retail stores — cannot independently read hang tags, fabric composition labels, care instructions, size charts, or product descriptions — Plaintiff relies on accessible e-commerce websites to obtain the information necessary to make informed purchasing decisions.

B. **<u>Plaintiff's Interest in AMIRI Products</u>**

31. Plaintiff developed a genuine interest in AMIRI products after repeatedly encountering AMIRI's denim and footwear collections through online fashion publications, social media, and televised celebrity endorsements. AMIRI is widely recognized for its premium construction, distinctive silhouettes, and high-end materials — qualities that Plaintiff values because he purchases fewer items overall and therefore seeks long-lasting, high-quality garments.

32. Plaintiff specifically desired two AMIRI products during his visits:

**MA Fit Jean (Men's Denim Collection)** — a premium denim product known for its tailored fit and durability. Plaintiff preferred AMIRI's MA Fit Jean over competing brands such as Fear of God, The Row, and Balmain because AMIRI's denim is consistently reviewed as having superior construction, reinforced stitching, and long-lasting wear — qualities important to Plaintiff because he cannot visually inspect garments in-store and must rely on trusted craftsmanship.

**Python Embossed MA Court Hi (Men's Footwear Collection)** — a high-quality leather sneaker with a distinctive embossed design. Plaintiff preferred AMIRI's footwear over competitors such as Versace, FWRD, and Vivienne Westwood because AMIRI's footwear is known for premium leather quality, comfort, and durability — features essential to Plaintiff, who must rely on tactile cues and comfort rather than visual inspection.

33. Plaintiff's interest in these products was genuine, specific, and ongoing. He did not visit AMIRI's Website merely to test it; he visited because he wanted to purchase these particular AMIRI products and could not obtain equivalent quality, construction, or design from other brands.

**C. <u>Plaintiff's Attempts to Access the AMIRI Website and Barriers Encountered</u>**

34. On **March 10, 2026**, Plaintiff accessed www.amiri.com using NVDA with the

intent to purchase the **MA Fit Jean**. During this visit, NVDA encountered severe accessibility barriers documented in the WAVE audit:

- **Missing alternative text** prevented NVDA from announcing product images, leaving Plaintiff unable to distinguish between denim styles or identify the MA Fit Jean.
- **Missing form labels** prevented NVDA from announcing size selectors, quantity selectors, and "Add to Cart" buttons.
- **Multiple form labels and broken ARIA references** caused NVDA to announce contradictory or meaningless information, making it impossible for Plaintiff to determine which interactive element he had selected.
- **ARIA roles marking child elements as presentational** hid interactive controls from the accessibility tree, preventing NVDA from announcing product filters, navigation menus, and refinement options.

Unable to identify the correct product, review its description, select a size, or add it to his cart, Plaintiff was forced to abandon his purchase.

35. On **April 3, 2026**, Plaintiff returned to the Website intending to purchase both the **MA Fit Jean** and the **Python Embossed MA Court Hi**. The same barriers persisted, and additional barriers documented in the WAVE reports prevented access:

 **ARIA-hidden focusable elements** caused NVDA to tab into silent controls, leaving Plaintiff unaware of what element had focus or what action would occur if activated.

 **Infinite-duration CSS animations** disrupted NVDA's reading flow, preventing stable navigation of product listings.

 **Insufficient color contrast** (WCAG AA violation) prevented NVDA from reliably detecting text elements, including price, size availability, and product descriptions.

Plaintiff again could not independently navigate product detail pages, review materials, compare options, or complete a purchase.

36. On **May 10, 2026**, Plaintiff made a third good-faith attempt to purchase the same two products. All previously encountered barriers remained unremediated. NVDA continued to fail to announce:

- Product names
- Prices
- "Add to Cart" buttons
- Size selectors
- Wishlist buttons
- Navigation menus
- Refinement filters

Plaintiff was once again unable to complete any purchase.

**D. <u>Why Plaintiff Chose AMIRI Over All Other Brands</u>**

37. Plaintiff's desire to purchase AMIRI products was **not abstract, speculative, or generalized**. He sought **specific AMIRI products** because:

 AMIRI's denim is uniquely known for its reinforced construction, premium materials, and long-lasting durability — qualities Plaintiff relies on because he cannot visually inspect garments in-store.

 AMIRI's footwear is widely regarded for comfort, premium leather quality, and distinctive design — features Plaintiff values because he must rely on tactile cues and comfort rather than visual inspection.

 AMIRI's Website is the **exclusive direct-to-consumer channel** for these products; Plaintiff cannot obtain the same items, in the same configurations, directly from AMIRI through any other accessible channel.

 Competing brands do not offer the same combination of craftsmanship, materials, and design that motivated Plaintiff's interest in AMIRI's MA Fit Jean and Python Embossed MA Court Hi.

**E. Plaintiff's Intent to Return**

38. Plaintiff has a bona fide intent to return to www.amiri.com once the accessibility barriers are removed. He remains genuinely interested in purchasing the **MA Fit Jean** and **Python Embossed MA Court Hi**, and he will return both to complete his intended purchases and to test whether the Website has been remediated. Plaintiff's repeated visits on March 10, April 3, and May 10, 2026, demonstrate a consistent pattern of good-faith attempts to access the Website and purchase AMIRI products.

## CLASS ACTION ALLEGATIONS

39. Plaintiff DARREN CESARIO brings this action on behalf of himself, and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access www.amiri.com and were denied equal access to its products, services, and support due to persistent digital accessibility barriers during the relevant statutory period.

40. Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access www.amiri.com and were similarly denied equal access to its offerings due to the same systemic barriers.

41. Common questions of law and fact exist among the Class, including:

- Whether www.amiri.com qualifies as a "public accommodation" under Title III of the ADA;
- Whether Defendant's Website www.amiri.com constitutes a "place or provider of

public accommodation" under the NYCHRL;

- Whether the website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to products, services, and support;
- Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in the digital marketplace.

42. Plaintiff's claims are typical of the Class. Like other blind individuals, he relies on screen-reading software and keyboard navigation to access online platforms. He encountered the same systemic barriers—unlabeled buttons, inaccessible forms, mouse-dependent controls, and unreadable product specifications—that affect all Class members.

43. Plaintiff will fairly and adequately represent the interests of the Class. He has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the website's accessibility barriers.

45. Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

46. Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use www.amiri.com command faced exclusion.

**FIRST CAUSE OF ACTION**
**Violation of Title III of the Americans with Disabilities Act**
**42 U.S.C. §§ 12181 et seq.**

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

44. Defendant's Website, www.amiri.com constitutes a place of public accommodation within the meaning of 42 U.S.C. § 12181(7), as it is a sales establishment through which Defendant offers goods and services to the general public throughout the United States, including within the State and City of New York.

45. Defendant has violated, and continues to violate, Title III of the ADA by failing to design, construct, maintain, and operate its Website to be fully accessible to and independently usable by Plaintiff and other blind and visually impaired individuals who use screen-reading software. Defendant's accessibility barriers constitute discrimination under 42 U.S.C. § 12182(b)(1) and 42 U.S.C. § 12182(b)(2)(A)(ii) and (iii), including the failure to make reasonable modifications to policies, practices, and procedures and the failure to take steps necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently.

46. Defendant has further violated 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, including making its Website www.amiri.com compatible with screen-reading software.

47. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered and continues to suffer harm, including the denial of full and equal access to Defendant's goods, services, privileges, advantages, and accommodations. Plaintiff is entitled to injunctive relief requiring Defendant to bring its Website into compliance with WCAG 2.1 Level AA, as well as attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 12205.

**SECOND CAUSE OF ACTION**
**Violation of the New York State Human Rights Law**
**N.Y. Exec. Law §§ 290 et seq.**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

49. The New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2)(a), makes it unlawful for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation, resort, or amusement, because of the disability of any person, directly or indirectly, to refuse, withhold from, or deny to such person any of the accommodations, advantages, facilities, or privileges thereof.

50. Defendant's Website www.amiri.com constitutes a place of public accommodation within the meaning of N.Y. Exec. Law § 292(9).

51. Defendant has violated and continues to violate the NYSHRL by maintaining an inaccessible Website that denies blind and visually impaired individuals, including Plaintiff, full and equal access to Defendant's goods, services, facilities, privileges, advantages, and accommodations. Defendant's conduct constitutes unlawful disability discrimination in violation of N.Y. Exec. Law § 296(2).

52. As a direct and proximate result of Defendant's violations of the NYSHRL, Plaintiff has suffered and continues to suffer harm. Plaintiff is entitled to compensatory damages, injunctive relief, attorneys' fees, costs, and all other relief available under the NYSHRL.

**THIRD CAUSE OF ACTION**
**Violation of the New York Civil Rights Law**
**N.Y. Civ. Rights Law §§ 40 et seq.**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

54. The New York Civil Rights Law ("NYCRL"), N.Y. Civ. Rights Law § 40, guarantees to all persons within the jurisdiction of the State of New York full and equal enjoyment of any place of public accommodation, resort, or amusement, subject only to the conditions established by law applicable alike to all persons.

55. Defendant's Website www.amiri.com constitutes a place of public accommodation within the meaning of the NYCRL.

56. Defendant has violated and continues to violate the NYCRL by denying Plaintiff and other blind and visually impaired individuals full and equal enjoyment of Defendant's Website and the goods and services offered through it, on account of their disability.

57. As a direct and proximate result of Defendant's violations of the NYCRL, Plaintiff has suffered harm and is entitled to all remedies available under N.Y. Civ. Rights Law § 40-d, including a civil penalty, compensatory damages, injunctive relief, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**Violation of the New York City Human Rights Law**
**N.Y.C. Admin. Code §§ 8-101 et seq.**

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

59. The New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4), makes it unlawful for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation to refuse, withhold from, or deny to any person the full and equal enjoyment, on

equal terms and conditions, of any of the accommodations, advantages, services, facilities, or privileges of the place or provider of public accommodation, directly or indirectly, because of any person's actual or perceived disability.

60. Defendant's Website www.amiri.com constitutes a place or provider of public accommodation within the meaning of N.Y.C. Admin. Code § 8-102.

61. Defendant has violated and continues to violate the NYCHRL by maintaining an inaccessible Website that denies blind and visually impaired persons, including Plaintiff, the full and equal enjoyment of Defendant's goods, services, and accommodations on equal terms and conditions with sighted users. The NYCHRL must be construed broadly in favor of discrimination plaintiffs, to the extent that such construction is reasonably possible. *Albunio v. City of New York,* 16 N.Y.3d 472 (2011).

62. As a direct and proximate result of Defendant's violations of the NYCHRL, Plaintiff has suffered and continues to suffer harm. Plaintiff is entitled to compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, and all other relief available under the NYCHRL.

## FIFTH CAUSE OF ACTION
**Declaratory Relief**
**28 U.S.C. §§ 2201-2202**

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

64. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and Defendant disputes, that Defendant's Website fails to comply with applicable federal, state, and city disability rights laws, including Title III of the ADA, the NYSHRL, the NYCRL, and the NYCHRL, insofar as the Website is inaccessible to blind and visually impaired persons who rely on screen-reading software.

65. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that Defendant's Website violates Title III of the ADA, the NYSHRL, the NYCRL, and the NYCHRL, and that Defendant is required to take all steps necessary to bring the Website into full compliance with these statutes and with WCAG 2.1 Level AA, so as to make the Website fully and equally accessible to, and independently usable by, blind and visually impaired individuals who use screen-reading software.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DARREN CESARIO, individually and on behalf of all others similarly situated, respectfully demands judgment against Defendant Atelier Luxury Group, LLC, d/b/a Amiri, as follows:

A. A declaration that Defendant's Website, www.amiri.com violates Title III of the ADA, 42 U.S.C. §§ 12181 et seq.; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq.; the New York Civil Rights Law, N.Y. Civ. Rights Law §§ 40 et seq.; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq.;

B. A permanent injunction requiring Defendant to take all steps necessary to bring its Website into full compliance with the requirements of the ADA, the NYSHRL, the NYCRL, and the NYCHRL, and with WCAG 2.1 Level AA, including remediating all identified accessibility barriers, implementing an ongoing accessibility policy, and conducting periodic accessibility audits;

C. A permanent injunction requiring Defendant to retain a qualified accessibility consultant to assist in bringing the Website into compliance and to ensure ongoing maintenance of the Website in an accessible condition;

D. Compensatory damages suffered by Plaintiff and members of the proposed class as

a result of Defendant's violations of the NYSHRL, the NYCRL, and the NYCHRL, in an amount to be determined at trial;

E. Statutory damages and civil penalties available under the NYCRL, N.Y. Civ. Rights Law § 40-d, and the NYCHRL, N.Y.C. Admin. Code § 8-502;

F. Punitive damages as permitted by law, including under the NYCHRL;

G. Reasonable attorneys' fees, litigation costs, and expenses pursuant to 42 U.S.C. § 12205, N.Y. Exec. Law § 297(10), N.Y.C. Admin. Code § 8-502(f), and other applicable law;

H. Pre-judgment and post-judgment interest at the maximum rate permitted by law; and

I. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: New York, New York
August 30, 2026

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com